

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 20, 1971

Mrs. Frances Havins
Executive Secretary
State Board of Hairdressers
  and Cosmetologists
1111 Rio Grande
Austin, Texas 78701

Opinion No. M-905

Re: Effect of enactment of
H. B. No. 156 by the 62nd
Legislature, Regular
Session, 1971, upon various
provisions of Article 734b,
Vernon's Penal Code.

Dear Mrs. Havins:

In your recent letter you requested the opinion of this office on the following questions:

"1. Is August 31, 1972, the expiration date of a renewal 1972 license issued or applied for in accordance with the provisions of Article 734b during the period June 2 - August 29, 1971?

"2. Are license fees for renewal applications filed prior to August 30, 1971, and received in our office at a later date determined by Article 734b under the Penal Code or by House Bill 156?

"3. Are license fees for applications filed after August 29 midnight determined by House Bill 156 or Article 734b of the Penal Code?

"4. Please rule on the correct remittance for the September State Board examination and subsequent license provided the applicant is successful in passing the examination."

In connection with your request you advised us as follows:

"The practice of the Board for many years has been to consider an application for a renewal license timely filed if postmarked before the deadline for renewal."

House Bill 156, enacted by the 62nd Legislature, Regular Session, 1971, will be effective August 30, 1971. That Bill repeals the present Article 734b, Vernon's Penal Code. (Acts 44th Leg., R. S., 1935, as amended, and hereinafter referred to as Article 734b.) Effective August 30, 1971, therefore, the State Board of Hairdressers and Cosmetologists will be abolished and the Texas Cosmetology Commission will be created. The Commission will in large measure perform those functions formerly performed by the Board.

Our answer to your first question is in the affirmative.

Section 8 of Article 734b provides, in part as follows:

"(a) No certificate or license shall be issued for a longer period than one (1) year, and shall expire on the 31st day of August following the date of issuance. Applications for renewal may be filed at any time after June 1st preceding the expiration date of the license. . . ."

Until August 30, 1971, Article 734b is the controlling law. That statute provides that an application for a renewal license may be filed at any time after June 1st. Clearly the legislature intended that a renewal license issued following such application would be effective at the expiration of the applicant's current license. Hence a renewal license issued between June 2nd and August 29th of 1971 would be effective September 1, 1971. It would expire, under Section 8 of Article 734b, on August 31, 1972. The Board has the power during the life of Article 734b to approve such renewal even though the term of the license runs beyond the life of that statute. This is provided for under Section 48 of House Bill No. 156, which reads, in part, as follows:

"(a) On the effective date of this Act, any license issued by the State Board of Hairdressers and Cosmetologists remains valid but is subject to the renewal procedures established by this Act."

We note from your inquiry that the practice of the Board for many years has been to consider an application for a renewal license timely filed if postmarked before the deadline for renewal. This administrative practice is accorded considerable weight in the construction of Article 734b. 53 Tex.Jur.2nd. 259, Statutes, Sec. 177. We are of the opinion, therefore, that an applicant who files a renewal application in time to have it postmarked not later

than August 29, 1971, is entitled to have his renewal license made effective September 1, 1971, and to expire August 31, 1972, conditioned, however, on his application being complete, properly made in every respect, and accompanied by a good remittance of the renewal fee prescribed by Article 734b, and on his being otherwise qualified.

What has been written to this point concerns a renewal license for 1972. On the other hand, a new license, i.e., the first issued to a particular holder, if issued by the Board prior to August 30, 1971, would necessarily expire on August 31, 1971.

The power of the Board to issue a new license ends at midnight August 29, 1971. Merely filing an application for a new license prior to that time does not, therefore, entitle the applicant to a new license under the conditions and fees prescribed by Article 734b. The Board may issue a new license only after it is satisfied that the applicant is qualified, has passed any required examination, and has met all requirements of the applicable statute. Hence any application for a new license filed on or before August 29, 1971, and not actually issued by the Board before the end of that day, must lay over and be issued, if at all, by the Commission under the conditions and fees prescribed by House Bill 156.

In reply to your second question, license fees for renewal applications properly filed and postmarked prior to August 30, 1971, are governed by Article 734b. This applies even though the application is not actually received until August 30th or later. An application is not properly filed unless it is complete, properly made in every respect, and accompanied by a good remittance for the proper fee.

We have discussed in our answer to your first question the fact that under administrative practice followed by the Board an applicant who files under the conditions prescribed in the above paragraph is deemed to have timely filed his application. Having timely filed his application for a renewal license during the life of Article 734b we think he is entitled to pay the lower fee prescribed by the same statute. He has done everything required of him. He should not be penalized because office procedure involved in actually issuing the renewal license might require a week or more. We think this holding follows the practice authorized by statute for other State agencies in connection with the collection of taxes.

In answer to your third question, license fees for all applications filed after midnight August 29, 1971, or postmarked after that time, are governed by House Bill 156. Section 48 of House Bill 156 provides, in part, as follows:

"(a) On the effective date of this Act, any license issued by the State Board of Hairdressers and Cosmetologists remains valid but is subject to the renewal procedures established by this Act."

Your fourth question concerns the correct fee payable for the September 1971 State Board examination and license.

Both Article 734b and House Bill 156 provide for the examination to be given on the first Tuesday in each month. The September examination in 1971 will fall on the 7th day of that month. Both Acts provide for filing an application ten days prior to the date set for the examination. The application will therefore be filed under Article 734b, as House Bill 156 is not effective until August 30, 1971.

The problem arises because Article 734b, in Section 4 (a) (4) provides that an applicant for an operator's license shall accompany the application with a $15.00 fee. No further fee is required for the license. On the other hand, Section 15 (c) of House Bill 156 provides for a $5.00 fee with the application, and Section 15(d) provides for an additional $15.00 fee for the license.

We are of the opinion that an application for a new license filed 10 days prior to the September 7, 1971, examination must be accompanied by a $15.00 fee. Article 734b will still be in effect. A new license issued following that examination will be issued, however, under authority of House Bill 156. That statute prescribes a total of $20.00 for filing fee and examination fee. We are of the opinion that the requirements of both statutes will be met if the applicant pays a $15.00 filing fee in August and an additional $5.00 fee after passing the examination. It is clearly the intention of the 62nd Legislature that the total cost to the applicant should be only $20.00.

The filing fee and license fee required in connection with all examinations following the one in September 1971 will be governed in all respects by House Bill 156.

## S U M M A R Y

A renewal license issued by the State Board of Hairdressers and Cosmetologists during the period June 2 through August 29, 1971, expires on August 31, 1972.  An applicant whose proper application, with fee, is postmarked not later than August 29, 1971, is entitled to a renewal license to expire on August 31, 1972, if he is otherwise qualified.

The power of the Board to issue a new license expires at midnight August 29, 1971.  Any new license actually issued by the Board prior to that time will expire August 31, 1971.  Any application for a new license upon which a license has not been issued by the Board prior to August 30, 1971, must lay over for action by the Commission under H. B. No. 156.

License fees for renewal applications properly filed and postmarked prior to August 30, 1971, are governed by Article 734b.

License fees for all applications postmarked or filed after midnight August 29, 1971, are governed by H. B. No. 156.

An applicant for the September 7, 1971, Board examination will pay a $15.00 filing fee with the application and an additional $5.00 license fee.

Fees for all examinations after the September 1971 examination will be governed by H. B. No. 156.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Malcolm Quick
S. J. Aronson
Tom Sedberry
Austin Bray

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant